04-CV-05509-CMP

FILED ____ LODGED
____ RECEIVED

AUG 18 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                        DEPUTY

Issued # 511623

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDALL DAVIS,

           Plaintiff,

v.

STATE OF WASHINGTON, DEPARTMENT OF ECOLOGY; LINDA HOFFMAN, in her individual and official capacity; GORDON WHITE, in his individual and official capacity; GAIL BLOMSTROM, in her individual and official capacity; and JOY ST. GERMAIN, in her individual and official capacity,

           Defendants.

No. C04 5509 JKA

COMPLAINT FOR DAMAGES

COMES NOW plaintiff Randall Davis and for causes of action against the above-named Defendants, asserts and alleges as follows:

## I. JURISDICTION

1.1   Jurisdiction is conferred on this court by 28 USC §1331, 28 USC §1343, by Title VII of the Civil Rights Act of 1964, 42 USC §2000, et. seq. and its implementing regulation, and by the protections of the Fourteenth Amendment of the United States Constitution as they are secured by 42 USC §1983 and 42 USC §1985.

1.2   Venue is proper in this Court.

COMPLAINT – 1
Case No. _____

18158_1.DOC

ORIGINAL

LANE POWELL SPEARS LUBERSKY LLP
111 Market Street NE, Suite 360
Olympia, Washington 98501
Telephone: (360) 754-6001
Facsimile: (360) 754-1605

## II. PARTIES

2.1 Plaintiff Randall Davis is a single individual residing in Tacoma, Washington who is employed by the Washington State Department of Ecology in the Shorelands and Environmental Assistance Program. Mr. Davis is a person of African-American descent.

2.2 Defendant State of Washington and the Washington State Department of Ecology are governmental entities within the jurisdiction of this Court.

2.3 Defendant Linda Hoffman is the current director of the Washington State Department of Ecology. Defendant Linda Hoffman was previously the deputy director of the Department of Ecology at times relevant to the allegations made in this Complaint.

2.4 On information and belief, Defendant Gordon White was the Program Manager of the Shorelands and Environmental Assistance Program during the times relevant to the allegations made in this Complaint.

2.5 On information and belief, Defendant Gail Blomstrom was regional office supervisor for Plaintiff Randall Davis in the Shorelands and Environmental Assistance Program during the times relevant to the allegations made in this Complaint.

2.6 On information and belief, Defendant Joy St. Germain was the Director of Employee Services for the Department of Ecology during the times relevant to the allegations made in this Complaint.

## III. STATEMENT OF FACTS

3.1 On a recurring and on-going basis, Randall Davis has been subject to, and a victim of, discrimination in the workplace because of his race by Defendants.

3.2 This discrimination has resulted, in part, in Defendants failing to promote Randall Davis to the appropriate job classification.

COMPLAINT -- 2
Case No. _____

LANE POWELL SPEARS LUBERSKY LLP
111 Market Street NE, Suite 360
Olympia, Washington 98501
Telephone: (360) 754-6001
Facsimile: (360) 754-1605

18158_1.DOC

3.3 On or around June 2003, Randall Davis filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that he was subject to the above-mentioned discrimination.

3.4 On March 25, 2004, the EEOC issued a "Determination" in which the EEOC district director stated, in part:

> I have considered all the evidence disclosed during the investigation and have determined that there is reasonable cause to conclude that Respondent [Washington State Department of Ecology] failed to reclassify [Randall Davis'] position based on race.

A copy of said "Determination" is attached hereto as Exhibit A.

3.5 On May 20, 2004, the EEOC issued a "Notice of Right to Sue" document that stated that since settlement with the Department of Ecology could not be reached, Randall Davis had ninety (90) days following receipt of the document in which to sue the Department of Ecology. A copy of said EEOC "Notice" is attached hereto as Exhibit B.

3.6 On June 23, 2004, the United States Department of Justice issued a "Notice of Right to Sue" document that stated that the Department of Justice would not file suit for Randall Davis, but that he had ninety (90) days following receipt of the document in which to sue the Department of Ecology. A copy of said Department of Justice "Notice" is attached hereto as Exhibit C.

3.7 As of the date of filing this Complaint, neither the ninety (90) day period for EEOC Notice nor the Department of Justice Notice has expired.

## IV. FIRST CAUSE OF ACTION

**Violation of the protections accorded by the Fourteenth Amendment to the United States Constitution.**

4.1 Plaintiff reasserts the allegations contained in Sections I through III above.

4.2 Plaintiff was subjected to differential treatment by Defendants based upon his race. Defendants purposefully discriminated against Plaintiff because of his race, in

COMPLAINT -- 3
Case No. _____

LANE POWELL SPEARS LUBERSKY LLP
111 Market Street NE, Suite 360
Olympia, Washington 98501
Telephone: (360) 754-6001
Facsimile: (360) 754-1605

18158_1.DOC

violation of the Fourteenth Amendment as it is secured by 42 USC §1983 and 42 USC §1985.

## V. SECOND CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 and 42 USC §2000, et. seq.**

5.1     Plaintiff reasserts the allegations contained in Sections I through III above.

5.2     Title VII of the Civil Rights Act bars discrimination based upon race. Plaintiff was unlawfully discriminated against based on his race in violation of Title VII of the Civil Rights Act. The EEOC determined that unlawful discrimination had taken place and issued a finding of racial discrimination on March 25, 2004.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays that this Court:

6.1     Assume jurisdiction of this action.

6.2     Award a judgment of monetary damages in an amount to be proven at trial.

6.3     Award a judgment of punitive damages of not less than $500,000.

6.4     Award a judgment for monetary damages for pain, suffering and emotional distress to be proven at trial.

Plaintiff prays in addition:

6.5     For costs of the suit herein, as authorized by 42 USC §1983 and other federal laws and regulations.

6.6     For reasonable attorney's fees and costs as authorized by Title VII and 42 USC §1983 and other federal laws and regulations.

///

///

///

COMPLAINT -- 4
Case No. _____

18158_1.DOC

LANE POWELL SPEARS LUBERSKY LLP
111 Market Street NE, Suite 360
Olympia, Washington 98501
Telephone: (360) 754-6001
Facsimile: (360) 754-1605

1  6.7   Such other and further relief as the Court deems just and proper.

2  DATED this 18th day of August, 2004.

                                      LANE POWELL SPEARS LUBERSKY LLP

                                      #07763

                             By: Kathleen D. Benedict for
                                  Erik D. Price, WSBA No. 23404
                                  Robin Dale, WSBA No. 22166
                                  Attorneys for Plaintiff Randall Davis

COMPLAINT -- 5
Case No. _____

LANE POWELL SPEARS LUBERSKY LLP
111 Market Street NE, Suite 360
Olympia, Washington 98501
Telephone: (360) 754-6001
Facsimile: (360) 754-1605

18158.1.DOC

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Seattle District Office
MAR 2 5 2004

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(206) 220-6883
TTY (206) 220-6882
FAX (206) 220-6911

Randall Davis
9051 Ridgeview Circle West
University Place, WA 98466

Charge No. 380-2003-02038

Charging Party

Washington State Department of Ecology
P. O. Box 47600
Olympia, WA 98504

Respondent

## DETERMINATION

Under the authority vested in my by the Commission, I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII).

All requirements for coverage have been met. Charging Party alleged that the Respondent denied his request for a position reclassification to Environmental Planner IV and subjected him to discriminatory terms and conditions of employment based on his race, black, and in retaliation for complaining about discrimination at Respondent.

During the investigation, all relevant, available documents were reviewed. I have considered all the evidence disclosed during the investigation and have determined that there is reasonable cause to conclude that Respondent failed to reclassify Charging Party's position based on his race. The evidence is insufficient to conclude that he has been subjected to discriminatory terms and conditions of employment and that Respondent's motivation in denying him the reclassification to Environmental Planner IV was retaliation.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The Commission will also consider compensatory and punitive damages available under the law.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's procedural regulations. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

JEANETTE M. LEINO
District Director

EXHIBIT A

# EXHIBIT B

EEOC Form 161-A (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Randall L. Davis<br>9051 Ridgeview Circle West<br>University Place, Wa, WA 98466 | From: | Seattle District Office<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104 |
|---|---|---|---|

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 360-2003-02038 | Kari Thompson,<br>Investigator | (206) 220-6852 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that is will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### -- NOTICE OF SUIT RIGHTS --
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

MAY 2 0 2004

Enclosure(s)

Jeanette M. Leino,
**District Director**

(Date Mailed)

cc:  WASH. DEPT. OF ECOLOGY
C/O Joy St. Germain
Director
P.O. Box 47600
Olympia, WA 98504-7600

EXHIBIT B

Enclosure with EEOC
Form 161-A (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit <u>before 7/1/02</u> -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT C



**U.S. Department** *of* **Justice**

**Civil Rights Division**

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, DC 20035-5968*
*www.usdoj.gov/crt/emp/emphome.html*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

RAA:WBF:mdw
DJ 170-82-117

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

JUN 23 2004

**RECEIVED**

JUL 1 2 2004

LANE POWELL SPEARS LUBERSKY LLP

Randall L. Davis
9051 Ridgeview Circle West
University Place, WA 98466

Re: Randall L. Davis v. Washington State Department
of Ecology, EEOC No. 380-2003-02038

_____ ATTY _____

Dear Mr. Davis:

It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).

We are returning the files in this matter to EEOC's Seattle District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Jeanette M. Leino, District Director, Equal Employment Opportunity Commission, 909 First Avenue, Suite 400, Seattle, WA 98104.

Sincerely,

R. Alexander Acosta
Assistant Attorney General
Civil Rights Division

By:  *William B. Fenton*
William B. Fenton
Deputy Chief
Employment Litigation Section

cc: Joy St. Germain
Washington State Department of Ecology

EXHIBIT C



STATE OF WASHINGTON

DEPARTMENT OF ECOLOGY

P.O. Box 47600 • Olympia, Washington 98504-7600
(360) 407-6000 • TDD Only (Hearing Impaired) (360) 407-6006

July 7, 2004

To:        Randy Davis
           Environmental Planner 3
           SEA/SWRO

From:      Linda Hoffman, Director

Subject:   Response to Grievance No. 04-003, filed March 12, 2004

On June 16, 2004, I met with you to hear the above referenced grievance that you filed. In addition to you and me, Polly Zehm, Deputy Director, and Michael South, Labor Relations Manager, were at the hearing. This meeting was held in accordance with Administrative Policy 5-30, Resolving Employee Grievances, and Administrative Procedure 5-30-01, Filing Grievances.

Your written grievance alleges a violation of RCW 41.06.169, and WAC 356-30-300 due to SEA management failing to comply with state law and regulation by failing to provide you with a complete annual performance evaluation for 2003. The requested remedy from your written grievance is that the performance evaluation process and content be completed consistent with law, regulations, and guidelines. However, at the meeting you stated that removing comments from your annual evaluation that you object to would resolve the grievance.

I have carefully considered the issues we discussed, the alleged violations, and your requested remedy. While the discussion involved several issues, the Department's grievance procedure obligates me to limit my response to the technical issues you raise. I have concluded that neither the content of our discussion nor the written material you provided demonstrates a violation of the procedural requirements of the evaluation process. Where no violation is proven, there is no basis upon which to grant a remedy. Therefore, I must decline to grant your requested remedy of removing comments that you find objectionable from your 2003 evaluation.

Thank you for the courtesy extended to me during the hearing.

cc:    Polly Zehm, Deputy Director
       Michael South, Labor Relations Manager
       Gordon White, Program Manager
       Paula Ehlers, Section Manager
       Jill Schwenke, Employee Services
       File