The Honorable RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL DAVIS,<br><br>               Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF ECOLOGY, LINDA HOFFMAN, in her individual and official capacity; GORDON WHITE, in his individual and official capacity; GAIL BLOMSTROM, in her individual and official capacity; and JOY ST. GERMAIN, in her individual and official capacity, and TOM FITZSIMMONS, in his individual and official capacity,<br><br>               Defendants. | NO. C04-5509 RBL<br><br>ORDER GRANTING DEFENDANTS' MOTIONs FOR SUMMARY JUDGMENT AND DISMISSAL, ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE |

THIS MATTER came before this Court on the following motions: 1. Defendants' Motion for Summary Judgment on collateral estoppel; 2. defendants' motion for summary judgment on statute of limitations; 3. defendants' motion for leave to amend answer; and 4. defendants' motion to strike. The Court considered the submissions of the parties and heard oral arguments of counsel on October 5, 2005, and considered the following documents and pleadings filed on these motions:

1.     Defendants' Motion for Summary Judgment and Dismissal Under FRCP 56.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL AND GRANTED DEFENDANTS' MOTION TO AMEND ANSWER
NO. C04-5509 RBL

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA 98504-0126
(360) 459-6600

2. Affidavit of Don Bennett.

3. Affidavit of Joy Misako St. Germain with the following exhibits:

**Exhibit A** - Plaintiff's Complaint for Damages – filed on August 18, 2004;

**Exhibit B** – Plaintiff's First Amended Complaint for Damages – December 21, 2004;
**Exhibit C** – Defendants' Answer to Plaintiff's Amended Complaint – filed on December 28, 2004;
**Exhibit D** – RCW 41.64.100;
**Exhibit E** – RCW 41.06.170;
**Exhibit F** – Findings of Fact, Conclusions of Law and Order of the PAB, for Dept of Ecology v. Randy Davis, Case No. ALLO-01-0003, 8/15/2001;
**Exhibit G** – Findings of Fact, Conclusions of Law and Order of the PAB, for Randy Davis v. Department of Ecology, Case No. ALLO-02-0033, 12/5/03;
**Exhibit H** - Findings of Fact, Conclusions of Law and Order of the PAB, for Sandra Lange v. Department of Ecology, Case No. ALLO 04-0014; and
**Exhibit I** – Joy St. Germain letter to EEOC dated May 20, 2004 with enclosures as follows: Environmental Planner Chart, Diversity Strategic Plan, DSP Annual Report, Flowchart-Diversity, Molly Gibbs Study, DOP Study, Fred Kiga Letter, Most recent Daily Olympian Article/GAAPCom Letter, and Recent Affirmative Action Report.

4. Second Affidavit of Joy St. Germain with exhibit showing the Department of Ecology's Workforce History People of Color from 1970 to 2005.

5. Affidavit of Gordon White and the following exhibits identified by page number:

**Page 6** – Shoreline Master Program Review Router form;
**Page 7** – Difference between Environmental Planner 3 and Environmental Planner 4;
**Page 8** – Role and Decision-Making Authority of a Shoreline Master Program Reviewer Environmental Planner 3;
**Page 9** – Role and Decision-Making Authority of an Environmental Planner 4 in Watershed Management; and
**Page 10** – How Environmental Planners are used by Ecology to administer the State Shoreline Management Act.

6. Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment.

7. Declaration of Randall Davis with the following attached exhibits:

**Exhibit A** – Email from Gordon White dated January 18, 2002 regarding Shoreline Master Program Review Roles and Responsibilities;
**Exhibit B** – Classification Questionnaires of Randall Davis dated September 29, 2000 and August 5, 2002 and designation form;
**Exhibit C** – Classification Questionnaire of Steve Craig and designation;
**Exhibit D** – SEA organizational chart and SEA-SWRO organizational chart.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL AND GRANTED DEFENDANTS' MOTION TO AMEND ANSWER
NO. C04-5509 RBL

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA 98504-0126
(360) 459-6600

8. Declaration of William P. Anthony, Ph.D and Declaration Regarding Facsimile Signature.

9. Declaration of James Beck with the following attached exhibits:

   **Exhibit A** – Resume of Randall Davis;
   **Exhibit B** – Classification Questionnaire for Randall Davis dated March 29, 1996;
   **Exhibit C** – Classification Questionnaire for Randall Davis dated September 29, 2000;
   **Exhibit D** – Allocation Appeal Hearing from January 18, 2001;
   **Exhibit E** – Personnel Appeals Board determination, ALLO-01-0003;
   **Exhibit F** – Classification Questionnaire for Randall Davis signed February 11, 2002;
   **Exhibit G** – Personnel Appeals Board determination, ALLO-02-0033;
   **Exhibit H** – EEOC Right to Sue notice
   **Exhibit I** – Determination letter issued by the EEOC to Randall Davis;
   **Exhibit J** – Work Force cultural Assessment produced by Molly Gibbs and Associates;
   **Exhibit K** – Review of Affirmative Action and Diversity in the Department of Ecology prepared by the State of Washington, Department of Personnel, dated January 2003;
   **Exhibit L** – Listing of all employees of the Department of Ecology as of January 10, 2005;
   **Exhibit M** – Portion of the EEOC file in Plaintiff's case, notes of teleconference with Steve Craig;
   **Exhibit N** – Portion of the EEOC investigation for Plaintiff's case, notes of teleconference with Joy St. Germain; and
   **Exhibit O** – Email from Linda Foster regarding the Amended Protective Order.

10. Defendants' Motion to Strike and Reply to Plaintiff's Pleadings in Opposition to Defendants' Motion for Summary Judgment.

11. Supplemental Affidavit of Gale Blomstrom with the attached Exhibit A – letter dated February 22, 2002 regarding Randy Davis request for reallocation.

12. Supplemental Affidavit of Gordon White with the attached Exhibit A – Environmental Planner 4 designation of Wendy Bolender.

13. Affidavit of Melinda Brooks with the attached exhibit –The Order of the Board Following Hearing on Exceptions to the Determination of the Director dated August 15, 2001.

14. Plaintiff's Brief in Response to Defendants' Untimely and Inadmissible Affidavits

15. Surreply of Plaintiff to Defendants' Motion for Summary Judgment.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL AND GRANTED DEFENDANTS' MOTION TO AMEND ANSWER
NO. C04-5509 RBL

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA 98504-0126
(360) 459-6600

16. Defendants' Second Motion for Summary Judgment (Statute of Limitations).

17. Affidavit of Gale Blomstrom with the following attachments:

   **Attachment A** – Comparison of both EEOC complaints;
   **Attachment B** – Letter from Ecology Employee Services date July 26, 1995;
   **Attachment C** – Davis's proposed Classification Questionnaire dated March 29, 1996;
   **Attachment D** – Email from Davis to Blomstrom dated April 5, 1996;
   **Attachment E** - Email from Blomstrom to Davis dated September 16, 1996;
   **Attachment F** – Memo from Blomstrom to Shorelands Staff dated February 3, 1997;
   **Attachment G** – Memo from Blomstrom to Davis dated February 10, 1997;
   **Attachment H** – Handwritten memo from Fleskes dated February 28, 1997;
   **Attachment I** – Email from Blomstrom to Fleskes and Davis dated March 11, 1997;
   **Attachment J** – Davis complaints filed with EEOC and HRC;
   **Attachment K** – Determination from EEOC dated April 2, 1998;
   **Attachment L** – Memo dated April 7, 1998 from Blomstrom to White regarding Davis not signing CQ with EDPP and CQ;
   **Attachment M** – Grievance filed by Davis dated January 11, 1999;
   **Attachment N** – Response from White to Davis's grievance dated January 11, 1999 by letter dated April 29, 1999;
   **Attachment O** – Memo from Gale Blomstrom to Al Jacobs dated November 16, 2000 regarding Davis's request to Ecology's Employee Services for reallocation of October 6, 2000 with CQ;
   **Attachment P** – Davis's proposed Classification Questionnaire ;
   **Attachment Q** – Response from Ecology's Employee Services Office on December 13, 2000 that Davis's position correctly allocated;
   **Attachment R** – Davis's Classification Questionnaire dated February 11, 2002;
   **Attachment S** – Response from Ecology's Employee Services Office on August 5, 2002 determining Davis's position correctly allocated; and
   **Attachment T** – Charge of Discrimination and EEOC's Right to Sue Notice dated May 20, 2004 with Declaration of Randall Davis.

18. Affidavit of Marie C. Clarke with the following attachments:

   **Attachment A** – Plaintiff's Response to Defendants' First Interrogatories and Requests for production of Documents;
   **Attachment B** – Davis's Equal Employment Opportunity complaint dated June 27, 2003; and
   **Attachment C** – Letter from Davis to Lofstead at the EEOC regarding his complaint dated August 22, 2003.

19. Affidavit of Lawrence McKnight with the following attachments:

   **Attachment A** – Fax Cover Sheet to Victoria Richardson from Larry McKnight dated July 26, 2004;
   **Attachment B** – Confirmation fax was sent to Victoria Richardson from McKnight dated July 26, 2004; and
   **Attachment C** – EEOC Dismissal and Notice of Rights to Davis dated April 2, 1998.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL AND GRANTED DEFENDANTS' MOTION TO AMEND ANSWER
NO. C04-5509 RBL

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA  98504-0126
(360) 459-6600

20. Affidavit of Michelle Whetsel.

21. Plaintiff's Response to Defendants' Second Motion for Summary Judgment Regarding Statue of Limitations.

22. Declaration of James W. Beck in Support of Plaintiff's Response to Defendants' Second Motion for Summary Judgment Regarding Statute of Limitations with the following exhibits:

> **Exhibit A** – EEOC charges filed by Mr. Davis;
> **Exhibit B** – Letter dated March 17, 1994 stating Mr. Barry Wenger's position is being reallocated from an Environmental Planner 3 position to an Environment Planner 4 position;
> **Exhibit C** – Deposition of Steven Craig;
> **Exhibit D** – Deposition of Thomas Fitzsimmons; and
> **Exhibit E** – Hearing Officer's decision concerning Mr. Davis' February 2002 request for reallocation.

23. Defendants' Reply to Plaintiff's Response to Defendants' Second Motion for Summary Judgment (Statute of Limitations).

24. Affidavit of Lisa Sutton in Support of Defendants' Second Motion for Summary Judgment on Statute of Limitations with the following attachments:

> **Attachment 1** – Complaint for Damages;
> **Attachment 2** – First Amended Complaint for Damages;
> **Attachment 3** – Cover sheet to Plaintiff's Response to Defendants' First Interrogatories and Requests for Production of Documents;
> **Attachment 4** - Cover sheet to Plaintiff's Supplemental Response to Defendants' First Interrogatories and Requests for Production of Documents.

25. Affidavit of Joy Misako St. Germain in Support of Defendants' Second Motion for Summary Judgment on Statue of Limitations.

26. Affidavit of Gordon White in Support of Defendants' Reply Brief in Support of Defendants' Second Motion for Summary Judgment on Statute of Limitations with the following attachments:

> **Attachment 1** - Original reallocation letter to Steve Craig approved on March 21, 1994;

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL AND GRANTED DEFENDANTS' MOTION TO AMEND ANSWER
NO. C04-5509 RBL

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA 98504-0126
(360) 459-6600

    **Attachment 2** - Original written designation as EP 4 for Steve Craig approved on February 15, 1994;
    **Attachment 3** - Original reallocation letter to Doug Pineo approved on March 17, 1994;
    **Attachment 4** - Original written designation as EP 4 for Doug Pineo approved on February 15, 1994;
    **Attachment 5** - Original letter, which designated her as in-training for EP 4 for Wendy Bolender dated September 21, 1994 and signed by her as accepted;
    **Attachment 6** – Letter dated June 12, 1995 to Wendy Bolender accepting a permanent position as EP 4, Central Programs, which she accepted;
    **Attachment 7** - Original reallocation letter to Barry Wenger dated March 17, 1994;
    **Attachment 8** - Written designation for Barry Wenger approved on March 3, 1994 (this form is not completed but states his class as EP 4);
    **Attachment 9** - Written designation as Environmental Planner 4 for Steve Craig with reasons stated, updated September 5, 2002 and signed by Gordon White;
    **Attachment 10** - Written designation as Environmental Planner 4 for Doug Pineo with reasons updated August 9, 2002 and signed by Gordon White;
    **Attachment 11** - Written designation as Environmental Planner 4 for Wendy Bolender with reasons stated updated August 9, 2002 and signed by Gordon White; and
    **Attachment 12** - Written designation as Environmental Planner 4 for Barry Wenger with reasons stated, updated January 9, 2004, and signed by Ray Hellwig.

27. Motion for Leave to Amend Answer.

28. Affidavit of Marie C. Clarke with the following attachment:

    **Attachment A** – Letter to Darrell Cochran dated August 9, 2005 regarding issue of the proposed stipulation to allow Defendants to amend their answer.

29. Defendants' Amended Answer to Plaintiff's Amended Complaint.

30. Plaintiff's Memorandum in Opposition to Defendants' Motion for Leave to Amend Answer.

In considering these motions, the court considered all evidence, declarations, affidavits, attachments, and pleadings submitted on these motions in ruling of these motions.

**1. State law Claim and 42 U.S.C. §1983 and §1985 Claims**

This court concludes that the Personnel Appeals Board's decisions answered the fundamental question of whether Randall Davis was performing Environmental Planner 3 work based on the job duties and responsibilities he was assigned and those he performed. The

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL AND GRANTED DEFENDANTS' MOTION TO AMEND ANSWER
NO. C04-5509 RBL

6

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA  98504-0126
(360) 459-6600

court also finds that this question is the same question a jury would be required to answer if this case were tried.

The court considered whether all the elements of collateral estoppel are present. The elements of collateral estoppel are: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. The issue to be precluded must have been actually litigated and necessarily determined in the prior action. Shoemaker v. City of Bremerton, 109 Wn.2d. 504, 508 (1987). In this case, because proceedings took place before the Department of Personnel and Personnel Appeals Board, the court considered whether collateral estoppel was proper based on three additional factors identified in State v. Dupard, which factors include: (1) Whether the agency acting within its competence made a factual decision; (2) agency and court procedural differences; and (3) policy considerations. State v. Dupard, 93 Wn.2d 268, 275, 609 P.2d 961 (1980).

In answering this question, the court considered the procedures used by the Personnel Appeals Board in deciding the Randall Davis reallocation matters as provided for in WAC 356-10-050 and RCWs 41.06.170(4) and 41.64.100(3). The court considered the state rules governing reallocation requests, whether Randall Davis was given notice of the proceedings, had opportunity to meaningfully participate by requesting reallocation to the Department of Ecology, and whether he had the opportunity to meaningfully participate in the proceedings before the Personnel Appeals Board, whether he was represented by counsel, and what the proceedings were at both administrative reviews conducted by the Personnel Appeals Board, and what those reviews/hearings entailed. The court concluded that the procedures used by the Personnel Appeals Board were in conformity with the process due under the 14th Amendment

ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT
AND DISMISSAL AND GRANTED
DEFENDANTS' MOTION TO AMEND
ANSWER
NO. C04-5509 RBL

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA 98504-0126
(360) 459-6600

and found that the fact that witnesses appearing before the Personnel Appeals Board were not placed under oath was not a significant difference. The court was satisfied that procedural due process was met as afforded by the 14th Amendment as memorialized in 42 U.S.C. §1983 and §1985.

Under <u>University of Tennessee v. Elliott</u>, 478 U.S. 788 (1986) a state administrative agency decision that is not reviewed by a state court is given preclusive effect in federal court on racial discrimination claims under the Reconstruction Civil Rights Statutes. 478 U.S. at 797-98. This Court must give the "agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts." 478 U.S. at 799.

In determining whether administrative collateral estoppel precluded Randall Davis's claims under state law, RCW 49.60 and under 42 U.S.C. §1983 and §1985, the court considered whether the elements of due process were met under the test in <u>State v. Dupard</u>, 93 Wn.2d 268, 275, 609 P.2d 961 (1980). The court is satisfied that the procedural due process test in <u>State v. Dupard</u> was met by the procedures used by Department of Ecology, Department of Personnel and Personnel Appeals Board in reviewing Davis's reallocation requests.

The court also finds that, because the State and Department of Ecology are not "persons" subject to suit under 42 U.S.C. §1983 and §1985, defendants' motion for summary judgment on the federal claims under 42 U.S.C. §1983 and §1985 is also appropriately granted on this additional basis.

2.  **Title VII claim**

The remaining claim by Randall Davis against defendants is a claim for disparate treatment due to race under Title VII. The court does not find that Randall's Davis 2002 reallocation request is a request for reconsideration as defendants argued. The court finds that the Department of Ecology's August 5, 2002 denial (by Jill Schwenke) of Randall Davis's

ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT
AND DISMISSAL AND GRANTED
DEFENDANTS' MOTION TO AMEND
ANSWER
NO. C04-5509 RBL

8

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA 98504-0126
(360) 459-6600

reallocation request is a basis upon which Randall Davis could and did allege an independent discriminatory act under Title VII.

Randall Davis claimed that because other Ecology employees had been given the designation of Environmental Planner 4 earlier in 1994 and 1995 and those employees he claimed performed work similar to him, that he was subject to disparate treatment due to his race. Randall Davis would have known about the 1994 and 1995 reallocations of the other employees to who he compares himself. The court further finds that all essential elements of this claim of disparate treatment due to race would have existed at the time of the Ecology's first denial of Randall Davis's reallocation request in 2000 (denial dated December 13, 2000). This claim is thus barred by the three-year statute of limitations.

Ecology's rejection on December 13, 2000 of Randall Davis's reallocation request is a discrete and independent discriminatory act that triggered the 300-day deadline for filing of a complaint to the Equal Employment Opportunity Commission. A second rejection decision was made by Ecology on August 5, 2002 in response to his second reallocation request. Davis argues that defendants' participation in the appeals before Department of Personnel and Personnel Appeals Board on Davis's reallocation raises an independent basis for the Title VII claim, but the court disagrees. Ecology's decision to deny reallocation on August 5, 2002 is the last discrete discriminatory act that forms the basis for Davis's Title VII claim and that decision to deny reallocation is the discrete independent act that triggered the 300-day deadline to file an EEOC complaint. The court finds that Randall Davis filed his EEOC complaint on June 26, 2003 based on disparate treatment due to his race. The court adopts the analysis in <u>National Railroad Passenger Corp. v. Morgan</u> that requires a strict compliance with the 300 day filing deadline for an EEOC complaint, in order to adhere to the jurisdictional deadlines set forth for pursuing a claim under Title VII.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL AND GRANTED DEFENDANTS' MOTION TO AMEND ANSWER
NO. C04-5509 RBL

9

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA  98504-0126
(360) 459-6600

The court finds that Randall Davis did not file his EEOC complaint within the 300-day deadline. Therefore, the Title VII claim is time barred.

Therefore, IT IS HEREBY ORDERED, that the state discrimination claim under RCW 49.60 and the federal civil rights claims under 42 U.S.C. §1983 and §1985 are precluded by collateral estoppel. All of these claims by Randall Davis against defendants are hereby dismissed with prejudice. IT IS FURTHER ORDERED that the defendants' motion to amend their amended answer be granted. IT IS FURTHER ORDERED that defendants' motion for summary judgment on statute of limitations on the Title VII claim is granted and all of Randall Davis's claims against defendants under Title VII are hereby dismissed with prejudice. IT IS FURTHER ORDERED that defendants' motion for summary judgment on qualified immunity on the Title VII claim is hereby denied. IT IS FURTHER ORDERED that defendants' Motion to Strike is hereby denied. Defendants were directed to prepare this order for presentation to the court, and the Court has slightly modified the Order to more accurately set forth the ruling.
.

DATED this 14th day of October 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented by:
ROB MCKENNA
Attorney General

/s/ Lisa L. Sutton
LISA L. SUTTON, WSB #16005
Assistant Attorney General
Attorneys for Defendants

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DISMISSAL AND GRANTED DEFENDANTS' MOTION TO AMEND ANSWER
NO. C04-5509 RBL

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA  98504-0126
(360) 459-6600

1

2

3   /s/ Darrell Cochran
    DARRELL L. COCHRAN
4   Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT
AND DISMISSAL AND GRANTED
DEFENDANTS' MOTION TO AMEND
ANSWER
 NO.  C04-5509 RBL

11

ATTORNEY GENERAL OF WASHINGTON
Torts Division
629 Woodland Square Loop SE
PO Box 40126
Olympia, WA  98504-0126
(360) 459-6600