UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF ECOLOGY; LINDA HOFFMAN, in her individual and official capacity; GORDON WHITE, in his individual and official capacity; GAIL BLOMSTROM, in her individual and official capacity; JOY ST. GERMAIN, in her individual and official capacity; and TOM FITZSIMMONS, in his individual and official capacity,<br><br>    Defendants. | CASE NO. 04-5509BHS<br><br>ORDER DENYING STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON *LEDBETTER* AND THE STATUTE OF LIMITATIONS |

    This matter comes before the Court on State Defendants' Motion for Summary Judgment and Dismissal Based on *Ledbetter* and the Statute of Limitations (Dkt. 135). Having considered the Defendants' motion, Plaintiff's response, Defendants' reply, and the various declarations submitted in support and opposition to the motion, the Court hereby denies State Defendants' motion for summary judgment for the following reasons:

## I. SUMMARY JUDGMENT STANDARD

    Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an

ORDER – 1

essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## II. DISCUSSION

Plaintiff has alleged various claims against State Defendants based on State Defendants' purported failure to reallocate Plaintiff from an Environmental Planner 3 to an Environmental Planner 4 with the Department of Ecology based on his race, as well as other causes of action related to alleged retaliatory acts that transpired due to his protests over the claimed discriminatory actions, his filing a complaint with the Equal

ORDER – 2

1  Employment Opportunity Commission ("EEOC"), and the institution of this action in

2  Federal Court. Dkt. 131.  State Defendants move for summary judgment over all

3  Plaintiff's Title VII and non-Title VII claims not related to alleged retaliatory acts

4  because they are time barred. Dkt. 135.  State Defendants' motion hinges upon two

5  critical questions that must be determined by the Court.  The first question that the Court

6  must answer in determining whether summary judgment should be granted or denied is:

7  (A) When did the last independently discriminatory discrete act occur for which the

8  instant charges against State Defendants' have been brought?  The second question that

9  the Court must answer is: (B) Does the document allegedly filed with the EEOC entitled

10 Discrimination Complaint Form (Dkt. 141 at 7-9) create a material dispute over whether

11 Plaintiff timely filed his EEOC charge within the 300-day statute of limitations as

12 required by *Ledbetter v. Goodyear Tire & Rubber Co.,* 127 S. Ct. 2162 (2007)?

**A.    ECOLOGY'S DECISION TO DENY REALLOCATION ON AUGUST 5, 2002 IS THE LAST DISCRETE DISCRIMINATORY ACT THAT FORMS THE BASIS FOR PLAINTIFF'S TITLE VII CLAIM AND THAT DECISION TO DENY REALLOCATION IS THE DISCRETE INDEPENDENT ACT THAT TRIGGERED THE 300-DAY DEADLINE TO FILE AN EEOC COMPLAINT.**

Pursuant to Title VII of the Civil Rights Act of 1964:

> It shall be unlawful employment practice for an employer–
> (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1).  In order for an individual employee to challenge an employment practice under Title VII they must first file a complaint with the EEOC. 42 U.S.C. § 2000e-5(e)(1).  Where an aggrieved person has "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice," a charge must be filed with the EEOC within 300 days after the alleged unlawful employment practice occurred, or the aggrieved person is precluded from challenging that practice in court. *Id.,* 42 U.S.C. § 2000e-5(f)(1).

ORDER – 3

The parties do not dispute that the 300-day limitation applies to Plaintiff's Title VII claim that he was unlawfully denied a reallocation from an Environmental Planner 3 to an Environmental Planner 4 based on his race. Additionally, the parties do not dispute that the three-year statute of limitations contained in RCW 4.16.080(2) applies to Plaintiff's non-Title VII claims. The parties' critical dispute is over when the alleged unlawful employment practice occurred and therefore when the relevant statute of limitations should be calculated from.

In the instant matter, the specific employment practice that is at issue is the failure of the Department of Ecology to reallocate him from an Environmental Planner 3 to an Environmental Planner 4, even though he was doing the work of an Environmental Planner 4, because of his race. Dkt. 135 at 3, Dkt. 139 at 6. This specific employment practice is an example of a discrete act of discrimination.

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice."

*National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). The Supreme Court has consistently held that "the EEOC charging [runs] from the time when the discrete act of alleged intentional discrimination occurr[s]." *Ledbetter,* 127 S. Ct. at 2168. State Defendants contend, in support of their motion for summary judgment, that the discrete act of alleged intentional discrimination that the Court should look at in order to begin calculating whether Plaintiff timely filed his EEOC charge is the initial date that Plaintiff requested his position be upgraded to an Environmental Planner 4 on March 29, 1996. Dkt. 135 at 8. Plaintiff describes this first request to be upgraded to an Environmental Planner 4 on March 29, 1996 was not a reallocation request, but was rather a request for a change in his job description. Dkt. 139 at 5. Plaintiff made subsequent requests to be upgraded to an Environmental Planner 4 on September 29, 2000 and again on August 5,

ORDER – 4

1  2002, both of which are described as reallocation requests based on the work he
2  was doing at the time he made the request. *Id.* at 5-6.  State Defendants urge the
3  Court to adopt the position that the two subsequently filed requests for reallocation
4  are not independent discrete acts of intentional discrimination because they entail
5  adverse effects resulting from the denial of Plaintiff's request made on March 29,
6  1996. Dkt. 11.

> The existence of past acts and the employee's prior knowledge of their occurrence . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed.

*Ledbetter,* 127 S. Ct. at 2174 (citing *Morgan,* 536 U.S. at 113).  In *Ledbetter,* the Supreme Court held that a new charging period does not commence upon the subsequent nondiscriminatory issuance of paychecks pursuant to an allegedly discriminatory pay decision that no timely EEOC charge was filed over. *Id.* at 2169.  In the instant matter, the Court previously ruled that Plaintiff's request to have his position upgraded required independent determinations based on the classification questionnaire that he submitted at the particular time of the request, unlike the issuance of paychecks pursuant to the decision not to upgrade his decision, which does not require an independent determination.  Each denial of Plaintiff's request for an upgrade to an Environmental Planner 4 constitutes an alleged "separate actionable 'unlawful employment practice' that is temporally distinct."*Id.* at 2175 (citing *Morgan,* 536 U.S. at 114).  Therefore the Court must abide by the decision in the order issued on October 14, 2005, finding that the Department of "Ecology's decision to deny reallocation on August 5, 2002 is the last discrete discriminatory act that forms the basis for [Plaintiff's] Title VII claim and that decision to deny reallocation is the discrete independent act that triggered the 300-day deadline to file an EEOC complaint." Dkt. 110.

Based on the prior findings and ruling of the Court, State Defendants' motion for summary judgment regarding Plaintiff's non-Title VII claims should be denied.

ORDER – 5

Plaintiff's non-Title VII claims are not time barred. He filed his complaint on August 18, 2004, well within three years from August 5, 2002 as required by RCW 4.16.080(2).

**B.    SUMMARY JUDGMENT IS PRECLUDED BY THE EXISTENCE OF A DISPUTED ISSUE OF MATERIAL FACT OVER WHETHER PLAINTIFF'S DISCRIMINATION COMPLAINT FORM CONSTITUTES A CHARGE FILED WITH THE EEOC.**

Having determined that the last discrete act of discrimination relating to the charges filed by Plaintiff occurred on August 5, 2002, the Court must now determine whether Plaintiff timely filed a charge with the EEOC. As stated above, Plaintiff had 300 days from August 5, 2002 to timely file the charge. State Defendants contend that Plaintiff did not file his EEOC charge until June 26, 2003. Dkt. 135 at 7. However, Plaintiff contends that the document titled Discrimination Complaint Form (Dkt. 141 at 7-9), dated May 27, 2003, was filed with the EEOC on May 27, 2003, is sufficient to constitute a charge under 29 C.F.R. § 1601.12, and was therefore timely filed. Dkt. 139 at 15. The Court notes that it finds that Plaintiff's Discrimination Complaint Form (Dkt. 141 at 7-9) is properly part of the record before it and shall be considered in ruling on the instant motion for summary judgment.

29 C.F.R. § 1601.12(a) provides specific provisions detailing what a charge filed with the EEOC should contain. However, 29 C.F.R. § 1601.12(b) states:

> (b) Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making a charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

The Discrimination Complaint Form (Dkt. 141 at 7-9) alleged to have been submitted to the EEOC by Plaintiff is sufficiently precise to identify the parties and to describe generally the action or practices complained of. While this initial form was not verified,

ORDER – 6

it was signed and dated by Plaintiff. Dkt. 141 at 7. The Ninth Circuit has held that, when taking into account "the amendment procedures and the liberality to be ascribed to the procedural requirements," an EEOC Intake Questionare, although neither signed nor verified, is sufficient to constitute a charge. *Casavantes v. California State University,* 732 F.2d 1441, 1442 (9th Cir. 1984). Therefore, the Court finds that the Discrimination Complaint Form (Dkt. 141 at 7-9) is sufficient to constitute a charge.

Consequently, if Plainiff did file the Discrimination Complaint Form with the EEOC on May 27, 2003, that date would serve as the date of filing for his charge and Plaintiff's Title VII claims were timely filed within 300 days of August 5, 2002. State Defendants raise issues in their reply challenging the credibility of this document and whether it was in fact timely filed with the EEOC. Dkt. 142 at 7-9. These challenges do not evidence a lack of disputed issues of material fact with regard to how the Court should view this document but rather show that disputed issues of material fact do exist over whether the Discrimination Complaint Form (Dkt. 141 at 7-9) was filed timely with the EEOC. When resolving these factual controversies in favor of the nonmoving party, the Court finds that summary judgment should be denied with respect to Plaintiff's Title VII claims.

### III. ORDER

Therefore, it is **ORDERED** that State Defendants' Motion for Summary Judgment and Dismissal Based on *Ledbetter* and the Statute of Limitations (Dkt. 135) is hereby **DENIED**.

DATED this 30th day of January, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 7