UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDALL DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF ECOLOGY; LINDA HOFFMAN, in her individual and official capacity; GORDON WHITE, in his individual and official capacity; GAIL BLOMSTROM, in her individual and official capacity; JOY ST. GERMAIN, in her individual and official capacity; and TOM FITZSIMMONS, in his individual and official capacity,<br><br>    Defendants. | CASE NO. 04-5509BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE LOCAL RULE ON TIME OF FILING MOTIONS FOR SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTION TO ENLARGE TIME TO FILE SUMMARY JUDGMENT MOTION, AND STRIKING STATE DEFENDANTS' FOURTH MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the Court on Plaintiff's Motion to Enforce Local Rule on Timing of Filing Motions for Summary Judgment and Request for Protective Order (Dkt. 159) and Defendants' Motion to Enlarge Time to File Summary Judgment Motion (Dkt. 161). Having considered the Plaintiff's Motion, Defendants' response and motion, Plaintiff's reply, and the declaration submitted in opposition to the motion, the Court hereby grants Plaintiff's motion and denies Defendants' motion for the reasons stated herein.

    The Court, pursuant to Fed. R. Civ. P. 16 and Local Rule CR 16, issued a scheduling order establishing, among other things, a dispositive motion deadline which provides the date by which all dispositive motions must be filed. Dkt. 27. This matter,

ORDER – 1

after being dismissed by way of summary judgment on October 14, 2005 (Dkt. 110), was appealed and reversed and remanded for further proceedings. Dkt. 123. On October 30, 2007, a new scheduling order was issued by the Court. Dkt. 124. However, this order did not contain a new dispositive motion deadline. On November 19, 2007, the Court issued an order granting Plaintiff's motion to amend his complaint and also established a new dispositive motion deadline of February 25, 2008. Dkt. 130. On March 3, 2008, State Defendants filed their fourth motion for summary judgment with a noting date of March 28, 2008 (Dkt. 149). Trial is set in this matter for May 5, 2008.

Defendants now seeks to enlarge the time to file their summary judgment motion. Dkt. 161. This motion is incorrectly made pursuant to Fed. R. Civ. P. 6(b). A motion to amend a scheduling order should be made pursuant to Fed. R. Civ. P. 16 and, in the Western District of Washington, Local Rule CR 16. Pursuant to Local Rule CR 16(g), all dispositive motions shall be filed with the court not later than 90 days before trial, unless otherwise ordered by the Court. "In order to accomplish effective pretrial procedures and to avoid wasting time of the parties, counsel, and the court, the provisions of this rule will be strictly enforced." Local Rule CR 16(n)(1). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

State Defendants now ask the court to modify the schedule and extend the date for filing dispositive motions. Dkt. 161. State Defendants claim excusable neglect for their failure to comply with the dispositive motions deadline of February 25, 2008. *Id.* at 1.

> The dispositive motion deadline referenced in Judge Leighton's November 19, 2007 scheduling order was not properly noted in defense counsel's calendar. Instead, the deadline was calendared on both counsel's and the assigned paralegal's calendars as Thursday, March 6, 2008.

*Id.* at 2.

Generally, Fed. R. Civ. P. 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992), *see also Stewart v. Kroaker,* 2005 WL 2207043 (W.D. Wash. 2005). The district court has the discretion to modify the scheduling order if the

ORDER – 2

moving party can show that the deadline cannot reasonably be met despite the parties' diligence. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* Furthermore, in a similar case out of the Northern District of New York, the court found that neither the length of time since the deadline passed nor the mistake or inadvertence of counsel are sufficient to support a finding of good cause. *Corkrey v. Internal Revenue Service,* 192 F.R.D. 66, 67 (N.D.N.Y. 2000). In the instant matter, Defendants have not shown good cause for extending the dispositive motion deadline. Therefore, State Defendants' Motion for Summary Judgment and Dismissal (Dkt. 149), filed after the dispositive motion deadline, should not be allowed.

Plaintiff asks this Court to grant a protective order "shielding Plaintiff from the obligation of responding to Defendants' motion for summary judgment." Dkt. 159 at 3. As the Court has found that Defendants' motion was improperly filed in contravention of Local Rule CR 16 and Fed. R. Civ. P. 16, the more appropriate remedy would be to strike this motion from the record.

Therefore, it is **ORDERED** that Plaintiff's Motion to Enforce Local Rule on Timing of Filing Motions for Summary Judgment and Request for Protective Order (Dkt. 159) is hereby **GRANTED**. State Defendants' Motion for Summary Judgment and Dismissal (Dkt. 149) is hereby **STRICKEN**.

It is further **ORDERED** that Defendants' Motion to Enlarge Time to File Summary Judgment Motion (Dkt. 161) is hereby **DENIED.**

DATED this 13th day of March, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3